**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PAUL HAYES | ) | CIVIL ACTION NO. 24-01434 |
| *Plaintiff* | ) | |
| | ) | SECTION: "E"(1) |
| Vs. | ) | |
| | ) | JUDGE BARRY W. ASHE |
| AUSTIN BERTHELOT, ET AL. | ) | |
| *Defendants* | ) | MAGISTRATE JUDGE |
| | ) | MICHAEL NORTH |

**AUSTIN BERTHELOT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND INVOCATION OF QUALIFIED IMMUNITY**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Austin Berthelot, who answers Plaintiff's Second Amended Complaint [R. Doc. 21] as follows:

**INVOCATION OF QUALIFIED IMMUNITY**

Defendant, in his individual capacity, affirmatively invokes his entitlement to the defense of qualified immunity, insofar as he did not violate Plaintiff's Constitutionally protected rights, which bars plaintiff's suit.[1]

**FIRST DEFENSE**

The Amended Complaint fails to state a claim against the defendant upon which relief can be granted.

**SECOND DEFENSE**

Defendant categorically, paragraph by paragraph, alleges and avers as follows:

1.

The allegations contained in Plaintiff's unnumbered opening narrative are denied to the

---

[1] Plaintiff's Amended Complaint is now the operative pleading in this matter, considering he failed to specifically refer to, adopt, or incorporate by reference his earlier pleading. *See New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (cleaned up).

extent Plaintiff alleges his arm was "snapped in half (and permanently damaged)" by Defendant. All other allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 1 do not require a response from this Defendant.

3.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

4.

In response to the allegations contained in Paragraph 3, Defendant admits that he was employed as a deputy with the St. James Parish Sheriff's Office on June 4, 2023. All other allegations are denied.

5.

The allegations contained in Paragraph 4 are denied.

6.

In response to Paragraph 5, Defendant admits Sheriff Claude Louis, Jr., is the Sheriff of St. James Parish.[2]

7.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

---

[2] Plaintiff's spelling of the sheriff's name—Claude Lewis, Jr.—is incorrect.

9.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 14 are admitted.

16.

The allegations contained in Paragraph 15 are admitted.

17.

The allegations contained in Paragraph 16 are denied.

18.

The allegations contained in Paragraph 17 are denied.

19.

The allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 19 are admitted to the extent Defendant learned Plaintiff had an outstanding warrant for his arrest.

21.

The allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 22 are denied.

24.

The allegations contained in Paragraph 23 are denied.

25.

The allegations contained in Paragraph 24 are denied.

26.

The allegations contained in Paragraph 25 are denied.

27.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 32 are denied for lack of sufficient information to

justify a belief therein.

34.

The allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph 45 are incomplete and denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 47 are denied for lack of sufficient information to

justify a belief therein.

49.

The allegations contained in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in Paragraph 50 are denied as written.

52.

The allegations contained in Paragraph 51 are denied as written.

53.

The allegations contained in Paragraph 52 are denied as written.

54.

The allegations contained in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in Paragraph 54 are denied as written.

56.

The allegations contained in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

57.

The majority of the allegations contained in Paragraph 56 are denied for lack of sufficient

information to justify a belief therein.  However, Defendant admits he was involved in a high-speed chase with a criminal suspect while in uniform and that he was traveling at a high rate of speed.  He further admits he was ordered to terminate the pursuit.

58.

The majority of the allegations contained in Paragraph 57 are denied are denied for lack of sufficient information to justify a belief therein.

59.

The majority of the allegations contained in Paragraph 58 are denied are denied for lack of sufficient information to justify a belief therein.

60.

The majority of the allegations contained in Paragraph 59 are denied are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations contained in Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations contained in Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in Paragraph 63 are denied.

65.

The allegations contained in Paragraph 64 are denied.

66.

The allegations contained in Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in Paragraph 67, including its subparts, are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in Paragraph 68, including its subparts, are denied.

70.

The allegations contained in Paragraph 69 are denied.

71.

The allegations contained in Paragraph 70 are denied.

72.

The allegations contained in Paragraph 71 are denied.

73.

The allegations contained in Paragraph 72 are denied.

74.

The allegations contained in Paragraph 73 are denied.

75.

The allegations contained in Paragraph 74 are denied.

76.

The allegations contained in Paragraph 75 are denied.

77.

The allegations contained in Paragraph 76 do not appear to require a response from this Defendant but are denied for lack of sufficient information to justify a belief therein out of an abundance of caution.

78.

The allegations contained in Paragraph 77 do not appear to require a response from this Defendant but are denied for lack of sufficient information to justify a belief therein out of an abundance of caution.

79.

The allegations contained in Paragraph 78 are denied to the extent Plaintiff alleges Defendant broke his arm and did not "forcible (*sic*.) resist" Defendant.  All other allegations are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in Paragraph 79 are denied.

81.

The allegations contained in Paragraph 80 are denied.

82.

The allegations contained in Paragraph 81 are denied.

83.

The allegations contained in Paragraph 82 are denied.

84.

The allegations contained in Paragraph 83 are denied.

85.

The allegations contained in Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations contained in Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

90.

Any misnumbered paragraphs or unanswered allegations are denied for lack of sufficient

information to justify a belief therein.

91.

Any paragraphs beginning with the word "WHEREFORE…" are denied for lack of sufficient information to justify a belief therein.

92.

Defendant requests a trial by jury.

**THIRD DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter, inasmuch as the Second Amended Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

**FOURTH DEFENSE**

Defendant herein pleads that any actions taken were taken in good faith and with probable cause, without malice, and under laws believed to be constitutional.

**FIFTH DEFENSE**

In the alternative, Defendant avers that Plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom the Defendant exercises no authority, jurisdiction, or control, and for whose actions Defendant is not legally responsible.

**SIXTH DEFENSE**

Defendant avers that, at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

**SEVENTH DEFENSE**

As the employee of a political subdivision of the State of Louisiana, Defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S.

13

13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to Defendant under the law.

### EIGHTH DEFENSE

Defendant herein pleads that, to the extent that any acts or omissions of the Defendant were a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which Defendant is immune from liability under La. R.S. 9:2798.1 and La. R.S. 9:2793.11.

### NINTH DEFENSE

In the alternative, and only in the event that this Court should find any negligence on the part of the Defendant, which is strictly denied, Defendant affirmatively alleges the contributory and/or comparative negligence of plaintiff, in diminution or complete bar to recovery herein.

### TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that Plaintiff's claims are prescribed, time-barred as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant also reserves the right to assert any and all additional applicable immunities available under law.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant also reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

**WHEREFORE,** Defendant submits this answer should be deemed good and sufficient and that, after all due proceedings, there be judgment herein, dismissing Plaintiff's Second Amended Complaint with prejudice and at his cost, and for all other general and equitable relief.

Respectfully submitted,

FROSCH, RODRIGUE, ARCURI LLC

s/ *Jason P. Wixom*_____
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR AUSTIN BERTHELOT
Email: barcuri@fralawfirm.com
         lrodrigue@fralawfirm.com
         jwixom@fralawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid and/or electronic mail.

s/ *Jason P. Wixom*_____
JASON P. WIXOM