UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL HAYES | CIVIL ACTION |
| VERSUS | NO. 24-1434 |
| AUSTIN BERTHELOT, *et al.* | SECTION M (5) |

### ORDER & REASONS

Before the Court is a motion to dismiss filed by defendants Rickey Babin, in his official capacity as district attorney for the 23rd Judicial District, State of Louisiana, and in his alleged capacity as custodian of records for the district, and Tyler Cavalier, in his alleged capacity as custodian of records for the district attorney for the 23rd Judicial District, State of Louisiana (together, the "DA Defendants").[1] Plaintiff Paul Hayes responds in opposition,[2] and the DA Defendants reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because it does not have supplemental jurisdiction over Hayes's state-law public records claim against the DA Defendants.

**I.    BACKGROUND**

This case involves constitutional and state-law claims arising out of an arrest. Hayes alleges that on July 11, 2020, he and defendant Lloyd Robinson, an officer with the Lutcher Police Department, "exchanged words" as a vehicle in which Hayes was a passenger passed Robinson's parked police car.[4] According to Hayes, later that afternoon Robinson went before a justice of the peace and falsely swore out an arrest warrant accusing Hayes of misdemeanor assault in violation

---

[1] R. Doc. 27.
[2] R. Doc. 32.
[3] R. Doc. 34.
[4] R. Doc. 21 at 3.

of La. R.S. 14:38 for supposedly threatening Robinson and others.[5] Nearly three years later, on June 4, 2023, defendant Austin Berthelot, formerly a deputy of the St. James Parish Sheriff's Office, initiated a traffic stop on a vehicle driven by Hayes for purportedly failing to yield when crossing railroad tracks in violation of La. R.S. 32:175.[6] Hayes maintains that he did not violate the aforementioned traffic law, stopped promptly when ordered, and followed Berthelot's instructions, including exiting his vehicle.[7] Hayes claims that, when Berthelot returned to his police cruiser and learned of the outstanding July 2020 misdemeanor arrest warrant, Berthelot ordered Hayes to turn around and face the vehicle without explaining why.[8] Hayes claims that when he asked for clarification in a polite manner, Berthelot put him in an "arm bar," applying sufficient force to break Hayes's arm.[9] He further alleges that the St. James Parish district attorney's office declined to prosecute him for the supposed 2020 assault on Robinson and that he was acquitted of the 2023 traffic violation.[10]

Hayes filed this suit against Berthelot, Robinson, St. James Parish Sheriff Claude J. Louis, Jr., in his official capacity, St. James Parish, and the DA Defendants.[11] Hayes alleges federal and state malicious prosecution claims against Robinson and Berthelot.[12] He also alleges against Berthelot federal claims for unreasonable seizure and excessive force and a state-law claim for unlawful method of arrest pursuant to warrant.[13] As to Sheriff Louis and St. James Parish, Hayes alleges that they are liable to him for Berthelot's unconstitutional actions pursuant to *Monell v.*

---

[5] *Id.*
[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 5-8.
[11] *Id.* at 1-17.
[12] *Id.* at 3-5, 12-13.
[13] *Id.* at 4-5, 14-15.

2

*Department of Social Services*, 436 U.S. 658 (1978).[14] Finally, with respect to the DA Defendants, Hayes alleges that they violated the Louisiana Public Records Act, La. R.S 44:1 *et seq.*, by improperly destroying records related to the 2020 arrest warrant.[15]

## II. PENDING MOTION

The DA Defendants move to dismiss without prejudice Hayes's Louisiana public records claim against them, arguing that this Court lacks original subject-matter jurisdiction over that claim pursuant to either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity), and that this Court should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[16] Specifically, the DA Defendants argue that supplemental jurisdiction does not lie over the public records claim because it is not part of the same case or controversy as the underlying civil rights claims over which the Court has original federal question subject-matter jurisdiction.[17] They point out that the underlying facts of the claims are temporally distant and involve different facts and defendants.[18] Alternatively, the DA Defendants argue that this Court should use its considerable discretion to decline to exercise supplemental jurisdiction over the public records claim because the claim involves a state-law remedy that should be decided by a state court.[19] In the further alternative, the DA Defendants argue under various theories that this Court should abstain from exercising jurisdiction over the public records claim.[20]

In opposition, Hayes argues that the Court should exercise supplemental jurisdiction because the allegedly destroyed records that are the subject of the public records request will be

---

[14] *Id.* at 8-12, 15-16.
[15] *Id.* at 6-7, 16.
[16] R. Doc. 27.
[17] R. Doc. 27-1 at 8-9.
[18] *Id*. at 9-12.
[19] *Id.* at 12-14.
[20] *Id.* at 17-21.

key evidence in this suit.[21]  He thus argues that the public records claim is part of the same case or controversy as his federal civil rights claims because the documents sought through the public records request explain why the district attorney did not prosecute him for the alleged assault on Robinson.[22]  Further, Hayes also urges that this Court should exercise supplemental jurisdiction because the public records claim is not novel or complex, so not a proper candidate for abstension.[23]

The DA Defendants reply, reurging that Hayes's public records claim against them is not part of the same case or controversy as his federal civil rights claims brought against the other defendants.[24]  They again point out that the claims involve different defendants, facts, witnesses, and law.[25]  Further, the DA Defendants contend that the allegedly destroyed records are not necessary to show why the district attorney refused to prosecute Hayes for the alleged 2020 assault on Robinson because, by the time Hayes was arrested in 2023, the prescription period for the prosecution of that crime had expired, which itself explains why Hayes was not prosecuted.[26]  Finally, the DA Defendants argue that this Court should either decline to exercise supplemental jurisdiction over the public records claim or abstain from hearing it.[27]

### III. LAW & ANALYSIS

A federal district court in a civil action is empowered to exercise supplemental jurisdiction over certain related claims.  28 U.S.C. § 1367.  Specifically, § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

---

[21] R. Doc. 32 at 1-6.
[22] *Id.* at 1-3.
[23] *Id.* at 4-5.
[24] R. Doc. 34 at 1-6.
[25] *Id.* at 6.
[26] *Id.* at 6-8.
[27] *Id.* at 8-10.

> that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), the United States Supreme Court set forth three requirements which should be met to exercise supplemental jurisdiction: (1) the federal claim must have substance sufficient to confer subject-matter jurisdiction on the court; (2) the state and federal claims derive from a common nucleus of operative fact; and (3) the claims are such that they would ordinarily be tried in one judicial proceeding. Congress codified *Gibbs*' supplemental-jurisdiction rule in § 1367. *See Royal Canin U.S.A., Inc., v. Wullschleger*, 604 U.S. ---, 2025 WL 96212, at *3 (Jan. 15, 2025). "That derivative jurisdiction, though, is to some extent discretionary[.]" *Id.* In determining whether to decline the exercise of supplemental jurisdiction over such state-law claims, a court should consider the four statutory factors set out in § 1367(c) – namely, (1) whether the state-law claim raises a novel or complex issue of state law, (2) whether the state-law claim substantially predominates over the claim or claims affording original jurisdiction, (3) whether the court has dismissed all claims over which it has original jurisdiction, or (4) whether, in exceptional circumstances, there are other compelling reasons for declining jurisdiction – as well as the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

    This Court has federal question subject-matter jurisdiction over Hayes's federal claims brought against Berthelot, Robinson, Sheriff Louis, and St. James Parish arising out of the 2020 arrest warrant and the 2023 traffic stop and arrest. The Louisiana Public Records Act provides the public with a remedy upon denial of the right to inspect or copy a record covered by the Act. Hayes alleges only a state-law public records claim against the DA Defendants, which does not share a

common nucleus of operative fact with the federal claims. The events underlying the federal claims and the state-law public records claims are temporally and factually separated. Moreover, the federal claims and the state-law public records claims are made against distinct defendants: Berthelot, Robinson, Sheriff Louis, and the Parish on the one hand, and the DA Defendants – who were in no way involved in the issuance of the 2020 arrest warrant or in making the 2023 traffic stop and arrest – on the other hand. Thus, as a separate and distinct case or controversy from the federal civil rights claims, Hayes's public records claim against the DA Defendants lies beyond the supplemental jurisdiction of this Court, and so it is dismissed without prejudice. *See Sandres v. Louisiana*, 2009 WL 277072, at *1 (M.D. La. Feb. 5, 2009) (holding that the district court did not have supplemental jurisdiction over a Louisiana Public Records Act claim because it did not share a common nucleus of operative fact with the racial discrimination claim giving rise to federal jurisdiction); *see also City Park for Everyone Coalition v. FEMA*, 2015 WL 6669666, at *4 (E.D. La. Nov. 2, 2015) (holding that the district court did not have supplemental jurisdiction over a Louisiana public records claim and other state-law claims because they did not share a common nucleus of operative fact with the federal claims for violations of the National Environmental Policy Act and the Administrative Procedures Act over which the court had original jurisdiction).

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the DA Defendants' motion to dismiss (R. Doc. 27) is GRANTED, and Hayes's public records claim against them is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 27th day of January, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE