UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL HAYES                                          CIVIL ACTION

VERSUS                                              NO. 24-1434

AUSTIN BERTHELOT, *et al.*                          SECTION M (5)


## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant Lloyd Robinson.[1] Plaintiff Paul Hayes responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I.      BACKGROUND

This case involves constitutional and state-law claims arising out of an arrest. Hayes alleges that on July 11, 2020, he and Robinson, an officer with the Lutcher Police Department, "exchanged words" as a vehicle in which Hayes was a passenger passed Robinson's parked police car.[3] According to Hayes, later that afternoon Robinson went before a justice of the peace and falsely swore out an arrest warrant accusing Hayes of misdemeanor assault in violation of La. R.S. 14:38 for supposedly threatening Robinson and others.[4] Nearly three years later, on June 4, 2023, defendant Berthelot, formerly a deputy of the St. James Parish Sheriff's Office ("SJPSO"), initiated a traffic stop on a vehicle driven by Hayes for purportedly failing to yield when crossing railroad tracks in violation of La. R.S. 32:175.[5] Hayes maintains that he did not violate the

---

[1] R. Doc. 37.
[2] R. Doc. 38.
[3] R. Doc. 21 at 3.
[4] *Id.*
[5] *Id.* at 4.

aforementioned traffic law, stopped promptly when ordered, and followed Berthelot's instructions, including exiting his vehicle.[6]  Hayes claims that, when Berthelot returned to his police cruiser and learned of the outstanding July 2020 misdemeanor arrest warrant, Berthelot ordered Hayes to turn around and face the vehicle without explaining why.[7]  Hayes claims that when he asked for clarification in a polite manner, Berthelot put him in an "arm bar," applying sufficient force to break Hayes's arm.[8]  Hayes further alleges that the St. James Parish district attorney's office declined to prosecute him for the supposed 2020 assault on Robinson and that he was acquitted of the 2023 traffic violation.[9]

Hayes filed this suit against Berthelot, Robinson, St. James Parish Sheriff Louis, in his official capacity, and St. James Parish, as well as Rickey Babin, in his official capacity as district attorney for the 23rd Judicial District, State of Louisiana, and in his alleged capacity as custodian of records for the district, and Tyler Cavalier, also in his alleged capacity as records custodian of the district (together "the DA Defendants").[10]  Hayes alleges federal and state malicious-prosecution claims against Robinson and Berthelot.[11] He also alleges against Berthelot federal claims for unreasonable seizure and excessive force and a state-law tort claim for "unlawful method of arrest pursuant to warrant" in violation of article I, section 13 of the Louisiana Constitution and article 217 of the Louisiana Code of Criminal Procedure.[12]  As to Sheriff Louis and St. James Parish, Hayes alleges that they are liable to him for Berthelot's unconstitutional actions pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[13]  Finally, with

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 5-8.
[10] *Id.* at 1-17.
[11] *Id.* at 3-5, 12-13.
[12] *Id*. at 4-5, 14-15.
[13] *Id.* at 8-12, 15-16.

respect to the DA Defendants, Hayes alleges that they violated the Louisiana Public Records Act, La. R.S 44:1 *et seq*., by improperly destroying records related to the 2020 arrest warrant.[14] Upon motions filed by other defendants, this Court dismissed Hayes's claims against the DA Defendants and Sheriff Louis, and Count VII against Berthelot.[15]

## II.    PENDING MOTION

Robinson filed the instant motion to dismiss, arguing that Hayes's complaint does not allege a claim against him.[16] Robinson offers his own version of what transpired between him and Hayes on July 11, 2020, and states that Hayes's behavior toward him stemmed from Robinson's towing of Hayes's vehicles from a public street.[17] Robinson states that he "did the right thing in filing the assault charges against [Hayes]" after Hayes threatened him.[18] He further argues that it was the district attorney's responsibility, not his, to either timely prosecute Hayes for the assault or remove the warrant from the system.[19] Robinson also points out that he had nothing to do with Berthelot's arrest of Hayes in 2023, which Robinson views to be the heart of the lawsuit.[20]

In opposition, Hayes contends that Robinson's motion to dismiss should be construed as an answer because it offers Robinson's version of events without citing legal authority explaining why Hayes's complaint fails to state a claim against Robinson.[21]

---

[14] *Id.* at 6-7, 16.
[15] R. Docs. 35; 36.
[16] R. Doc. 37.
[17] R. Docs. 37-1 at 1-2, 6.
[18] *Id.* at 2-3.
[19] *Id.* at 3, 6.
[20] *Id.*
[21] R. Doc. 38 at 1-2.

## III.    LAW & ANALYSIS

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts

4

pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B. Federal and State Malicious-Prosecution Claims Against Robinson (Counts I and II)**

Hayes purports to allege malicious-prosecution claims against Robinson under federal law (Count I) and state law (Count II).[22] With respect to federal law, there is a Fourth Amendment malicious-prosecution claim under 42 U.S.C. § 1983. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024). "[T]he gravamen of the Fourth Amendment claim for malicious prosecution, as

_____

[22] R. Doc. 21 at 12-13.

[the Supreme Court] has recognized it, is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). "To succeed on such a claim, a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini*, 602 U.S. at 558 (citing *Thompson*, 596 U.S. at 43 n.2). After *Thompson*, the Fifth Circuit held that a plaintiff "asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove [the state-law elements of malicious prosecution], in addition to the threshold element of an unlawful Fourth Amendment seizure." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (reinstating the rule that the elements of the state-law tort of malicious prosecution and the elements of the constitutional tort of Fourth Amendment malicious prosecution are coextensive).

Under Louisiana law, there are six elements of a malicious prosecution claim:

"(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff."

*Lemoine v. Wolfe*, 168 So. 3d 362, 367 (La. 2015) (quoting *Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984)); *see also Armstrong*, 60 F.4th at 279. The Louisiana supreme court has defined "malice" as follows:

"Malice is found when the defendant uses the prosecution for the purpose of obtaining any private advantage, for instance, as a means to extort money, to collect a debt, to recover property, to compel performance of a contract, to 'tie up the mouths' of witnesses in another action, or as an experiment to discover who might have committed the crime. Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person's rights."

*Kelly v. W. Cash & Carry Bldg. Materials Store*, 745 So. 2d 743, 761 (La. App. 1999) (quoting *Miller v. E. Baton Rouge Par. Sheriff's Dep't,* 511 So. 2d 446, 453 (La. 1987)). In that regard,

6

"[m]alice exists when a charge is made with knowledge that it is false or with reckless disregard for the truth." *Id.* "The crucial determination in regard to the absence of probable cause is whether the defendants had an honest and reasonable belief in the allegations they made." *Id.* "Actions for malicious prosecution have never been favored, and hence, in order to sustain them, a clear case must be established." *Id.*

Here, Hayes alleges that Robinson lied about their interaction on July 11, 2020, in order to obtain the misdemeanor assault warrant against him.[23] According to Hayes, he did not threaten Robinson, and Robinson obtained the misdemeanor assault warrant without probable cause and with malice.[24] Hayes further alleges that the criminal proceedings were terminated in his favor when the district attorney's office "refused" the charges.[25] Although Robinson's account of what occurred differs from Hayes's account, it is not this Court's place now to choose between the two. Suffice it to say, at this stage of the proceedings, Hayes has alleged enough to overcome Robinson's motion to dismiss. The claim must be vetted through the discovery process, if not beyond.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Robinson's motion to dismiss (R. Doc. 37) is DENIED.

New Orleans, Louisiana, this 6th day of March, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. 21 at 3, 12-13.
[24] *Id.*
[25] *Id.*